**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                        No. CV 12-0088 JP/LAM
                                                                               CR 96-0256 JP

CESAR CHACON,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Defendant-Petitioner's (hereinafter "Defendant") Motion to Vacate Judgment Pursuant to Title 28 U.S.C. § 1651(a) Coram Nobis (CV Doc. 1; CR Doc. 47). Because Defendant contends that the Court was without jurisdiction to enter judgment on his conviction in the criminal proceeding, the Clerk properly opened a civil case to accommodate possible construction of the motion under 28 U.S.C. § 2255. In 1996, Defendant was indicted, convicted, and sentenced on drug charges (CR Docs. 1, 12, 34). The Court entered judgment (CR Doc. 42) on January 10, 1997. Defendant did not appeal his conviction or pursue collateral relief.

Defendant alleges that he "was under the age of eighteen when he committed the offense" and was thus a juvenile for purposes of criminal prosecution. *See* 18 U.S.C. 5031. He asserts that the government failed to comply with certain procedural steps required by statute before prosecuting a juvenile. *See* 18 U.S.C. 5032. As a result, he alleges, the Court had no jurisdiction of the criminal proceeding against him. Furthermore, the government's delays in the proceedings also denied him the protections of the Juvenile Delinquency Act ("JDA"), including his right to speedy trial. *See* 18 U.S.C. 5036. Defendant also alleges that his counsel provided ineffective assistance by failing to raise these issues in the criminal proceeding. For relief, he asks the Court to dismiss the indictment

and vacate his conviction and sentence.

No relief is available on Defendant's allegations. As noted in several recent Tenth Circuit decisions, "[Defendant] was not entitled to error *coram nobis* relief because his claims . . . could have been raised earlier." *United States v. Martinez-Arrellano*, 345 F. App'x 379, 381 (10th Cir. 2009) (citing *Klein v. United States*, 880 F.2d 250, 254 n.1 (10th Cir. 1989); *Embrey v. United States*, 240 F. App'x 791, 793-94 (10th Cir. 2007)); *and see United States v. Watkins*, 440 F. App'x 643, 645 (10th Cir. 2011). Defendant could have raised his juvenile-status claim in the criminal proceeding, and he could have asserted ineffective assistance of counsel in a § 2255 motion when judgment was entered in 1997.[1] He makes no allegation that he was unaware of the factual basis of his juvenile-status claim, and he offers no explanation for failing to raise his claims during the criminal proceeding or in a motion under 28 U.S.C. § 2255. *See United States v. Payne*, 644 F.3d 1111, 1113 (10th Cir. 2011). The Court will deny Defendant's motion. *See id.*

IT IS THEREFORE ORDERED that Defendant-Petitioner's Motion to Vacate Judgment Pursuant to Title 28 U.S.C. § 1651(a) Coram Nobis (CV Doc. 1; CR Doc. 47) is DENIED, and this civil proceeding is DISMISSED.

*[signature]*
UNITED STATES DISTRICT JUDGE

---

[1] "For a federal prisoner, '[t]he exclusive remedy for testing the validity of a judgment . . . , unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255,' " *United States v. Le*, 412 F. App'x 148, 150 (10th Cir. 2011) (citations omitted), and a claim of ineffective assistance of counsel is typically raised in a § 2255 motion, *see Massaro v. United States*, 538 U.S. 500, 504-09 (2003). "[S]ection 2255's . . . procedural barriers by themselves do not establish that section 2255 is inadequate or ineffective." *Pack v. Yusuff*, 218 F.3d 448, 452-53 (5th Cir. 2000), *quoted in Braun v. Gallegos*, 58 F. App'x 781, 783 (10th Cir. 2002)