FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 24 2012

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.    No. CV 12-0088 JP/LAM
    CR 96-0256 JP

CESAR CHACON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Rule 59(e) Motion "To Alter or Amend Judgment" (CV Doc. 4; CR Doc. 49). The motion seeks relief from the order entered on June 28, 2012, by which the Court denied Defendant's Motion to Vacate Judgment Pursuant to Title 28 U.S.C. § 1651(a) Coram Nobis. The Court will deny the motion.

Defendant's *coram nobis* petition was based on the allegation that he "was under the age of eighteen when he committed the offense" and was thus a juvenile for purposes of criminal prosecution. *See* 18 U.S.C. 5031. As a result, he argued, the Court was without jurisdiction to enter judgment on his conviction in the criminal proceeding. In its prior order the Court quoted the Court of Appeals for the Tenth Circuit for the proposition that "[Defendant] was not entitled to error *coram nobis* relief because his claims . . . could have been raised earlier." *United States v. Martinez-Arrellano*, 345 F. App'x 379, 381 (10th Cir. 2009) (citing *Klein v. United States*, 880 F.2d 250, 254 n.1 (10th Cir. 1989); *Embrey v. United States*, 240 F. App'x 791, 793-94 (10th Cir. 2007)); *and see United States v. Watkins*, 440 F. App'x 643, 645 (10th Cir. 2011). Defendant could have raised his juvenile-status claim in the criminal proceeding and in collateral proceedings under 28 U.S.C. § 2255 motion after judgment was entered in 1997. He has made no allegation that he was unaware

of the factual basis of his juvenile-status claim and has offered no explanation for failing to raise his claims earlier. *See United States v. Payne*, 644 F.3d 1111, 1113 (10th Cir. 2011).

In his rule 59 motion, Defendant again asserts that his jurisdictional claim raises fundamental, special circumstances and warrants *coram nobis* relief. He argues that the Court denied his petition "without comprehension of the true meaning of coram nobis." To the contrary, Defendant's motion fails to counter the rule that he is not entitled to *coram nobis* relief. *See Martinez-Arrellano*, 345 F. App'x at 381. As stated in a case cited by Defendant, "Moreover, '[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute [here, § 2255] specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.' " *Carlisle v. United States*, 517 U.S. 416, 429 (1996), *quoting Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985). Defendant simply disagrees with the Court's original ruling and thus makes no showing under rule 59(e) that relief is necessary "to correct manifest errors of law." *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000). The Court will deny the motion.

IT IS THEREFORE ORDERED that Defendant's Rule 59(e) Motion "To Alter or Amend Judgment" (CV Doc. 4; CR Doc. 49) is DENIED.

_____, J.
UNITED STATES DISTRICT JUDGE